FILED 10 AUG 30 09:30USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RYAN BONNEAU,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>MULTNOMAH COUNTY, DAN STATON,<br>Multnomah County Sheriff,<br>MULTNOMAH COUNTY DETENTION<br>CENTER, EILEEN P. GROSHONG<br>and JEWELEY HIRSCH,<br><br>    Respondents. | Civil No. 10-653-PK<br><br>ORDER |

MOSMAN, District Judge.

Petitioner, an inmate currently residing at the Multnomah County Detention Center, brings this action pursuant to 28 U.S.C. § 2241. In Ground One of his Petition, petitioner alleges the Bureau of Prisons failed: (1) to give him proper credit for time served; (2) to aggregate his sentences; and (3) to apply the

1 - ORDER

correct amount of good time credit to his sentence. This appears to be a valid § 2241 challenge to the execution of petitioner's federal sentence.

In his remaining Grounds, however, petitioner alleges respondents violated his constitutional rights when they denied him adequate medical care (Grounds Two through Eight and Twenty-Four), unlawfully detained him in December 2009 in violation of his due process and speedy trial rights (Ground Nine), unlawfully searched and seized his property during his residency at the halfway house (Ground Ten), failed to secure his property at the halfway house (Ground Eleven), tried to obtain a key to petitioner's private residence and to get his landlord to evict him (Grounds Twelve and Thirteen), interfered with his ability to secure housing, employment and commercial space (Grounds Fourteen through Sixteen, Nineteen and Twenty), denied him the ability to publish materials for distribution, including magazines and literature (Grounds Seventeen and Eighteen), interfered with his religious freedom by denying him a pass to attend a family funeral (Ground Twenty-One), denied him access to an adequate law library (Ground Twenty-Two), subjected him to cruel and unusual punishment via "diesel therapy" (Grounds Twenty-Three and Twenty-Six), failed to follow the the administrative remedy process (Ground Twenty-Five), and retaliated against him by transferring him to a federal prison in Pennsylvania (Ground Twenty-Eight).

2 - ORDER

Petitioner cannot challenge the conditions of his confinement and the legality of his underlying conviction in a § 2241 action as he attempts to do in his Grounds Two through Twenty-Eight claims. Accordingly, these claims are dismissed without prejudice and respondents Multnomah County, Staton, Multnomah County Detention Center, Groshong and Hirsch are dismissed as parties in this case. Petitioner may raise these claims in a separate civil rights action or action filed pursuant to 28 U.S.C. § 2255.[1] Finally, petitioner's Motion for Temporary Restraining Order and Motion for Summary Judgment (#6) are denied on the basis these motions relate to the dismissed claims.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the claims set forth in Grounds Two through Twenty-Eight are DISMISSED without prejudice and respondents Multnomah County, Staton, Multnomah County Detention Center, Groshong and Hirsch are dismissed as parties in this case. Moreover, petitioner's related Motions for a Temporary Restraining Order and for Summary Judgment (#6) are

///

///

///

///

---

[1] The court takes no position as to the timeliness of any future civil rights or § 2255 actions petitioner may file.

3 - ORDER

DENIED. Petitioner's amended application for leave to proceed *in forma pauperis* (#9) is DENIED as moot.

IT IS SO ORDERED.

DATED this 27 day of August, 2010.

                                        /s/ Michael W. Mosman
                                        Michael W. Mosman
                                        United States District Judge

4 - ORDER