IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN BONNEAU,            )
                         )   Civil No. 10-653-PK
         Petitioner,     )
                         )
    v.                   )
                         )
UNITED STATES OF AMERICA,)   FINDINGS AND RECOMMENDATION
                         )
         Respondent.     )

Ryan Bonneau
Fed. Reg. No. 66700-065
P.O. Box 5000
Sheridan, Oregon  97378

    Petitioner Pro Se

Dwight C. Holton
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner, Ryan Bonneau, an inmate at FCI Sheridan, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 *pro se*. For the reasons set forth below, his Petition [2] should be DENIED with prejudice.

## BACKGROUND

On November 17, 2003, Bonneau was sentenced following his guilty plea in Case No. CR-02-467-01-KI to a 33-month sentence with a five (5) year term of supervised release for wire fraud, engaging in monetary transactions derived from specified unlawful activity and bank fraud. Bonneau was released from custody on June 7, 2005 and began his term of supervised release. He was arrested on June 15, 2006 for violating release conditions. On May 8, 2007 Bonneau admitted the violations, his supervised release was revoked, and he was sentenced to a 9-month term of imprisonment. Supervised release was reimposed for a period of 48-months.

Bonneau remained in custody from the time of his arrest on June 15, 2006 until he was sentenced on May 8, 2007. He was given credit for that time spent in custody and the Bureau of Prisons ("BOP") determined that the 9-month sentence imposed on the supervised release violation expired on March 17, 2007.

On April 8, 2008, nearly a year after he was sentenced on the supervised release violation, Bonneau was sentenced in a new criminal case, Case No. CR-06-380-01-MO, to a 30 month term of

2 - FINDINGS AND RECOMMENDATION

imprisonment followed by a five (5) year term of supervised release for wire fraud and money laundering. Once again, he was given prior custody credit for the period between March 18, 2007 and April 7, 2008 (387 days). He completed his prison term and supervised release began on May 9, 2009. Thereafter, on August 3, 2009, Bonneau was sentenced for violating supervised release conditions in both CR-02-467-01-MO and CR-06-380-01-MO and sentenced to concurrent terms of 2 months in prison with 46 months supervised release reimposed on each violation.

Bonneau was released on October 2, 2009, but is currently in custody pursuant to sentences imposed for subsequent revocations related to Case Nos. CR-02-467-01-MO and CR-06-380-01-MO to be served consecutively with a 26-month sentence imposed in a new criminal case for possession with intent to distribute a controlled substance, Case No. CR-10-402-MO.

Bonneau filed the subject Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 8, 2010. He raises two claims in his Petition. First, he alleges the BOP failed to aggregate his 9-month parole violation sentence with his subsequent 30-month sentence following his conviction in CR-06-380-01-MO. According to Bonneau, had the BOP properly aggregated these sentences he would have earned an additional 52 days of Good Conduct Time ("GCT") on

3 - FINDINGS AND RECOMMENDATION

the 9-month sentence.[1] Second, Bonneau alleges the BOP violated his right to due process when it reset his release date without an appropriate hearing after he successfully challenged an incident report and had it expunged. He argues this resulted in him "over serving" his sentence by 53 days, but that as part of the resolution and agreement between the parties this time was to be entered as "inoperative time" eligible to be applied to a subsequent sentence computation. See Amended Petitioner's Brief in Opposition to Respondent's Amended Response [46], p. 6.[2] Accordingly, Bonneau seeks 105 days credit, presumably to be applied to his current sentence.

Respondent contends Bonneau's sentences were correctly calculated under federal law because: (1) Bonneau had already satisfied his 9-month sentence before the subsequent 30-month sentence was imposed, and therefore, the BOP was not authorized to aggregate those sentences; and (2) the 53-day period when Bonneau was transferred out of the Residential Reentry Center ("RRC") pending resolution of an outstanding incident report cannot now be applied as prior custody credit because it was time being served on another sentence. See 18 U.S.C. § 3585(b).

---

[1] To be eligible for GCT, a prisoner must be serving a term of imprisonment of "more than 1 year." 18 U.S.C. § 3624(b)(1).

[2] Bonneau's Motion for Leave to File an Amended Response [46] is GRANTED. The court has considered Bonneau's Amended Response in its resolution of this action.

4 - FINDINGS AND RECOMMENDATION

## DISCUSSION

To obtain relief under § 2241, Bonneau must establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(b)(3).

### I. BOP's Failure to Aggregate Petitioner's 9-Month and 30-Month Sentences

Habeas corpus jurisdiction is available under § 2241 for a prisoner's claim that he has been denied good conduct credits without due process of law. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). Bonneau relies on 18 U.S.C. § 3584(c) to argue that the BOP should have aggregated his 9 and 30-month sentences and awarded him an additional 52 days GCT for the 9-month sentence. § 3584 provides in relevant part:

> § 3584. Multiple sentences of imprisonment
>
> (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant **at the same time**, or if a term of imprisonment is imposed on a defendant who is already subject to **an undischarged term of imprisonment**, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
> * * *
>
> (c) Treatment of multiple sentence as an aggregate.--
> Multiple terms of imprisonment ordered to run consecutively or concu
> administrative purposes as a single, aggregate term of imprisonment.

5 - FINDINGS AND RECOMMENDATION

(emphasis added). As noted above, the record reveals that Bonneau was taken into custody on June 15, 2006. On May 8, 2007, he was sentenced on the supervised release violation to a 9-month sentence. While his sentence technically commenced on that date, he was given credit for time served toward the satisfaction of this sentence from June 15, 2006 until March 18, 2007.[3] Accordingly, the 9-month sentence related to the supervised release violation concerning CR-02-467-01-KI expired more than a year prior to imposition of the 30-month sentence in CR-06-380-01-MO.

Nevertheless, Bonneau argues that at the time the 30-month sentence was imposed on April 8, 2008, the 9-month sentence remained undischarged because: (1) he "was still pending transfer to the prison he was designated to on BOTH sentences"; (2) there was discussion on the record at his April 8, 2008 sentencing as to whether the Judge intended the 9 and 30-month sentences to run concurrently or consecutively; and (3) the 9-month supervised release violation sentence cannot have been satisfied on March 17, 2007 because he was not sentenced on that violation until May 8,

---

[3] While a federal sentence cannot commence until a prisoner is sentenced in federal court, pursuant to 18 U.S.C. § 3585(b) the BOP may grant a federal prisoner credit for time spent in state or federal custody before imposition of his federal sentence provided that term of pre-sentence imprisonment has not been credited against another sentence. Schleining v. Thomas, No. 10-35792, 2011 WL 2519548, *6 (9th Cir. June 27, 2011).

6 - FINDINGS AND RECOMMENDATION

2007.[4]   Bonneau's arguments notwithstanding, it is clear he satisfied the 9-month sentence prior to the court's imposition of the 30-month sentence such that these two sentences could not have been aggregated pursuant to § 3584(c). As such, Bonneau cannot establish that the BOP's failure to aggregate his 9 and 30-month sentences violated his constitutional rights.  Accordingly, Bonneau's habeas corpus petition concerning this claim must be denied.

## II.  Procedural Due Process - Retaliatory Incident Report

It is well settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In Wolff, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit:  (1) the right to appear before an impartial decision-making body; (2) advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals;

---

[4]  This argument is not helpful to Bonneau. Even setting aside the BOP's discretion to grant prior custody credit as discussed above, more than 9 months passed between the May 8, 2007 sentencing on the violation and the April 8, 2008 sentencing on the new criminal matter. Accordingly, the 9-month sentence would have been satisfied prior to imposition of the 30-month sentence in any event.

7 - FINDINGS AND RECOMMENDATION

(4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Id. at 563-67.

In this case, Bonneau indicates that he secured counsel to assist him in overturning the incident report issued on March 17, 2005 and that such report was eventually expunged and all sanctions reversed. Accordingly, Bonneau does not appear to take issue with the process provided him in defending against the BOP's allegations of wrongdoing. Rather, he contends that in transferring him out of the RRC during the resolution of his incident report, the BOP forced him to "over serve" his sentence by the number of days he was removed from the RRC. In turn, this resulted in an adjustment to his release date to meet the requirement that he serve 180 days in the RRC to be eligible for early release. Bonneau suggests that he was entitled to the constitutional due process protections enumerated in Wolff before the BOP could change his release date following resolution of the incident report. The court disagrees.

> A prisoner has a liberty interest only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Orellana v. Kyle, 65 F.3d 29, 31-21 (5th Cir. 1995)(quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Here, the court is satisfied Bonneau received all the process and relief to which he was

8 - FINDINGS AND RECOMMENDATION

entitled. By his own account he had the assistance of counsel in challenging the incident report and was successful in expunging such report and having all disciplinary sanctions reversed. Resolution of an incident reports takes time. The 53 days it took to resolve the issue here cannot be fairly characterized as an atypical and significant hardship on Bonneau in relation to the ordinary incidents of prison life.

Moreover, although the governing statute provides the BOP with substantial discretion regarding whether to grant a sentence reduction, it is not authorized under 18 U.S.C. § 3621(e)(2)(B) to reduce a prisoner's sentence who has not completed a treatment program. Bonneau contends this problem was addressed in the resolution of his incident report. According to Bonneau, the BOP promised him that the over served time (53 days) would be entered as inoperative time eligible to be applied to a subsequent sentence computation. Beyond his own account, however, there is no support that such agreement existed. Having reviewed the applicable statutes related to prior custody credit, the court is persuaded by respondent's representation that no one had authority to make such a promise.

Accordingly, Bonneau has failed to establish that the BOP violated his constitutional rights when it reset his release date and relief must be denied on this claim because: (1) the BOP had no authority to release Bonneau prior to him completing the 180

9 - FINDINGS AND RECOMMENDATION

days in the RRC; (2) given that the subject 53 days were credited toward another sentence, they cannot now be characterized as prior custody credit and applied to his current sentence; and (3) the court is persuaded by respondent's representation that no one was authorized to recharacterize time in custody awaiting resolution of an incident report as "inoperative time" eligible to be applied to a subsequent sentence.

## RECOMMENDATION

Based on the foregoing, I recommend that the Petition for Writ of Habeas Corpus [2] be DENIED, and that judgment be entered DISMISSING this case with prejudice. Bonneau's Motion for Leave to File an Amended Response [46] is GRANTED. Bonneau's Motion to Expedite Review [42] is DENIED as moot.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the

10 - FINDINGS AND RECOMMENDATION

response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

This case arises under 28 U.S.C. § 2241, and does not attack State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

DATED this 14th day of July, 2011.

/s/ Paul Papak

Paul Papak
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION