IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RYAN BONNEAU,**

               Petitioner,

     v.

**UNITED STATES OF AMERICA,**

               Respondent.

Civ. No. 3:10-cv-00653-PK

OPINION AND ORDER

**MOSMAN, J.,**

On July 15, 2011, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [48] in the above-captioned case, recommending that petitioner's Petition for Writ of Habeas Corpus [2] be denied, and that judgment enter dismissing this case with prejudice. Plaintiff filed a "Motion for Reconsideration or in the Alternative, Objections to Magistrate's Findings and Recommendation" on July 28, 2011 [51], along with a declaration in support of that filing [52].[1]  Respondent has not filed a response to petitioner's filings.

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections.  The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination.  The court is generally required to

---

[1] Because petitioner filed his Motion for Reconsideration or in the Alternative Objections [51] and the declaration in support [52] after this case was referred from Judge Papak, I will consider his filings as objections to the F&R.

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made.  28 U.S.C. § 636(b)(1)(C).  However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R.  28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Petitioner argues that Judge Papak improperly concluded that the Bureau of Prisons ("BOP") lacked authority to release petitioner before he completed 180 days in a Residential Reentry Center ("RRC") (Pl.'s Mot. for Reconsideration (#51) 1).  Judge Papak apparently reached this conclusion based on 18 U.S.C. § 3621(e).  (F&R (#48) 9).  I agree with Judge Papak's conclusion, but add the following explanation.

18 U.S.C. § 3621(e) authorizes sentence reductions for prisoners who successfully complete a Residential Drug Abuse Treatment Program ("RDAP").  A RDAP must last at least six months to qualify a prisoner for early release.  18 U.S.C. § 3621(e)(5)(A).  However, by regulation the RDAP is broken down into components: An inmate must complete course activities that last at least six months, and also complete a "transitional drug abuse treatment" ("TDAT") component.  28 C.F.R. § 550.53.  Placement in a RRC is part of the TDAT phase.  28 C.F.R. § 550.53(a)(3).[2]  Thus, while the overall RDAP must last more than six months, and the course activity component must last at least six months, I

---

[2] While the current version of 18 U.S.C. 3621(e) and the cited regulations were amended after the events at issue, the prior versions did not differ in a way that affects my analysis.

find no specific statutory or regulatory requirement that a prisoner spend at least 180 days in a RRC to be eligible for early release. *See id.*

However, if the BOP were to adopt a 180-day RRC requirement for a particular prisoner, the BOP would lack authority to authorize early release until the prisoner completed the full 180 days. *See* 18 U.S.C. § 3621(e)(2)(B)(allowing reductions only for prisoners who "successfully complet[e]" a treatment program). This limit on BOP authority apparently applied in petitioner's case: After his incident report was resolved, he was then returned to a RRC in order to complete his RRC component. Without completing his RDAP, including the full RRC component that the BOP adopted for his RDAP, he was not eligible an early release.[3]

And in any event, even if the BOP was not barred by 18 U.S.C. § 3621(e) from granting early release, Judge Papak's conclusion is correct. As Judge Papak reasoned, there is no evidence, beyond petitioner's own account, that BOP officials ever promised petitioner that his over-served time of 53 days would be applied to a subsequent sentence computation. 18 U.S.C. § 3621(e) aside, such a promise would have conflicted with 18 U.S.C. § 3585. (F&R (#48) 10); 18 U.S.C. § 3585 (providing for credit awarded for prior custody "that has not been credited against another sentence"). Accordingly, Judge Papak correctly agreed with respondent's representation that no one was authorized to re-characterize time in custody awaiting resolution of an incident report as time that could be applied to a subsequent sentence.

---

[3] Petitioner has provided BOP guidance material indicating that only RRC's of 120 days or more are effective and will potentially satisfy the TDAT component of the RDAP. "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). I exercise my discretion to consider the new evidence and arguments petitioner has asserted. Petitioner, however, has presented no evidence that his RDAP included a 120-day RRC component and that he therefore was eligible for release before the incident report. For the reasons explained herein his new material does not affect the outcome.

3 – OPINION AND ORDER

Upon review, I agree with Judge Papak's recommendation and I ADOPT the F&R [48] as my own opinion.

IT IS SO ORDERED.

DATED this __15th__ day of September, 2011.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Court